UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD GARDNER MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:22-CV-95-NCC |
| MISSOURI CIRCUIT COURT 22nd JUDICIAL CIRCUIT (CITY OF ST. LOUIS) DIVISION 27, et al., | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Arnold Gardner Mitchell, also known as Mitchell Gardner Mitchell, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. Additionally, the Court has reviewed the complaint and will dismiss it for lack of subject matter jurisdiction.

### **The Complaint**

On January 25, 2022, plaintiff initiated this action by filing a document titled, "Petitioner for Injuntion [sic]" which the Court construes as a civil complaint against the "Missouri Circuit Court 22nd Judicial Circuit (City of St. Louis) Division 27, et al."[1] ECF No. 1. Plaintiff states his claim, in pertinent part, as follows:

> The [d]efendant plans the following harm against my person/property:
>
> The Court placed a garnishment against my wages, see attachment marked (1), after I provided the court with evident [sic] and proof that I filed with the IRS a 1099A, 1099C, and 3949A, see attachment marked (2) pages b, c, and d, to settle the debt.

---

[1] Despite plaintiff's use of "et al." in the caption, the Court interprets the complaint to be against the sole named defendant, Missouri Circuit Court 22nd Judicial Circuit. A plaintiff is not permitted to use "et al." in the caption because it must include the names of all of the parties. Merely listing one party and writing 'et al.' is insufficient. *See* Fed. R. Civ. P. 10(a).

> I was denied due process: I receive any written document from the Court on the matter so that I could have appeal the Court decision. [sic] Court never responds to any of my written requests.

*Id.* at 1. Attached to the complaint are sixteen pages of documents, which include state court filings, various tax forms, and plaintiff's birth certificate. ECF Nos. 1-1 to 1-9.

The specific constitutional allegations of the instant complaint are difficult to discern, but he appears to be contesting a garnishment order imposed upon him by the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri, in *Mariner Finance, LLC v. Mitchell*, Case No. 2122-AC02283 (the "state case"). Review of Missouri Case.net, the State of Missouri's online docketing system, reveals that a private credit institution filed a breach of contract action against Mr. Mitchell, the plaintiff here, for his failure to make monthly payments on a loan.[2] *Id.* A default judgment was entered after Mr. Mitchell failed to appear at the bench trial, and a garnishment order was issued. *Id.*

For relief, plaintiff seeks an injunction only, explaining that the "damage outweighs any monetary reparations that could be offered at a later date." *Id.*

### Discussion

Plaintiff brings this civil action against defendant "Missouri Circuit Court 22nd Judicial Circuit (City of St. Louis) Division 27." The basis of his complaint appears to be the garnishing of his wages, stemming from a state court judgment. After carefully reviewing the complaint and giving it the benefit of a liberal construction, the Court concludes that it must be dismissed for lack of subject matter jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."

---

[2] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Plaintiff's complaint fails to establish this Court's jurisdiction under either basis.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Here, there is no diversity of the parties. Plaintiff and defendant are citizens of the State of Missouri.

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a

claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff has not provided the basis for this Court's federal question jurisdiction. Plaintiff mentions due process in a conclusory fashion, but neglects to allege any facts demonstrating the violation of his constitutional rights. While he appears to accuse the state court of not sending him any "written documents" and not responding to his "written requests," this vague statement does not establish the existence of federal question jurisdiction. Moreover, the Court notes that the public records available on Missouri Case.net contradict plaintiff's allegations. For example, Mr. Mitchell was provided with written notice by the state court of a bench trial, he responded to the notice with an "objection" arguing the plaintiff-creditor in the state case was not a "living person," and he subsequently failed to appear at the bench trial resulting in a default judgment and a garnishment order. *See Mariner Finance, LLC*, Case No. 2122-AC02283. Thus, there is no indication of any constitutional due process violations taking place. Moreover, he is not suing under any federal statute which might support federal-question jurisdiction pursuant to 28 U.S.C. § 1331. As such, plaintiff has not established the existence of federal question jurisdiction, and will be ordered to show cause why this action should not be dismissed.

Moreover, to the extent that plaintiff is seeking review of a Missouri state-court judgment, his remedies lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan,* 74 F.3d 160, 162 (8th Cir.1996). Federal review of state court decisions may be had only in the Supreme Court. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 31st day of January, 2022.

                                             */s/ E. Richard Webber*
                                             E. RICHARD WEBBER
                                             SENIOR UNITED STATES DISTRICT JUDGE